IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Devin D. Howard,** | Case No. 1:21cv2053 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Warden Douglas Fender** | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

*Pro se* petitioner Devin D. Howard is presently incarcerated at Lake Erie Correctional Institution. On October 25, 2021, Howard filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) concerning his September 2019 conviction in the Lake County Court of Common Pleas (Case No. 18CR000838). On October 28, 2021, Howard filed a motion for enlargement of time in which to amend his petition (Doc. No. 3), stating that he realized after filing the petition that it was incomplete. Howard indicated that he required additional time to procure funds to pay for the additional pages. (*Id.*). On November 4, 2021, the Court granted Howard's motion and ordered Howard to file an amended petition within thirty (30) days from the date of the Order. To date, Howard has not filed an amended petition or moved the Court for more time in which to do so.

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to

"screen out" habeas corpus petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A federal district court may entertain a *habeas* petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Here, Howard has failed to include any grounds for relief in his petition. Although it is possible that the grounds for relief are contained in the purported missing pages to the petition, those pages have not been filed with the Court. Without the asserted grounds for relief, there is no basis on which the Court can determine whether a deprivation of some constitutionally protected right has occurred during Howard's state criminal proceedings.

Accordingly, Howard's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: December 8, 2021

       s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE