IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Devin D. Howard, | Case No. 1:21cv2053 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Warden Douglas Fender | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

*Pro se* petitioner Devin D. Howard is presently incarcerated at Lake Erie Correctional Institution. Howard filed an amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 9) concerning his September 2019 conviction in the Lake County Court of Common Pleas for aggravated robbery and identity fraud (Case No. 18CR000838). Howard's conviction was affirmed on direct appeal; however, Howard did not appeal this decision to the Ohio Supreme Court. Additionally, it appears that Howard filed two applications for postconviction relief. The first application was denied. According to the Petition, the second petition remains pending (*See* Doc. 9 at 4).

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously

lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A federal district court may entertain a *habeas* petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). But before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a state prisoner must exhaust his state remedies. *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509 (1982)). Exhaustion is fulfilled once a state supreme court provides a convicted person a full and fair opportunity to review his claims on the merits. *Id.* (citing among authority *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302-03, 104 S. Ct. 1805, 1810, 80 L. Ed. 2d 311 (1984)). It is the petitioner's burden to establish that he has properly and fully exhausted his available state court remedies with respect to his *habeas* claims for relief. *See Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987) (citing *Hopkins v. State*, 524 F.2d 473, 474-75 (5th Cir. 1975)).

Here, Howard indicates on the face of the petition that he appealed his conviction in the Eleventh District Court of Appeals, but he did not seek further review by a higher state court-- in this case, the Ohio Supreme Court. And although Howard has raised his claims in at least two applications for postconviction relief, there is no suggestion on the face of his habeas petition that he has appealed these claims to the Ohio Supreme Court. Howard has therefore failed to exhaust his state court remedies. Because Howard has not fully exhausted his state court remedies, his § 2254 petition before this Court must be dismissed.

Accordingly, Howard's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 cases.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

 s/*Pamela A. Barker*
PAMELA A. BARKER
Date:   January 25, 2022                                U. S. DISTRICT JUDGE